UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARCUS DELVONN REED,

    Petitioner,

v.                                                 Case No. 1:16-CV-1202

THOMAS MACKIE,                           HON. GORDON J. QUIST

    Respondent.
_____/

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by state prisoner Demarcus Reed under 28 U.S.C. § 2254. After reviewing the parties' briefs and the pertinent portions of the record, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court deny Reed's petition. (ECF No. 12.) Reed filed an Objection to the R & R. (ECF No. 16.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Reed's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Reed makes approximately thirteen objections to the R & R—specifically highlighting the R & R's citations to the record he claims are either in error or are correct. Reed then cites instances

in the record, such as cross-examination or the police reports, that he argues contradict the R & R's citations. Cumulatively, Reed argues, these errors show that he was denied a fair trial and due process.

Reed highlights testimony that the R & R cited testimony from cross-examination that he implies is contradictory. This testimony was before the jury and the Michigan Court of Appeals. The Court of Appeals considered this testimony in reaching its factual findings, and Reed has not shown by clear and convincing evidence that these factual findings were incorrect. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). Reed also relies upon statements in police reports. Police reports are generally inadmissible hearsay. *See, e.g., Miller v. Field*, 35 F.3d 1088, 1091–92 (6th Cir. 1994). Therefore, these arguments are without merit. Reed argues that the lack of DNA evidence exonerates him; this ignores the weight of the other evidence presented at trial—particularly the testimony of the two victims. *See Robinson v. Klee*, No. 16-1742, 2017 WL 6003437, at *3 (6th Cir. Jan. 9, 2017) (rejecting argument that lack of DNA evidence exonerated the habeas petitioner). Reed's other arguments are conclusory and vague. Reed has not overcome his "burden of rebutting the presumption of correctness [of the state court's findings] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, the Court will overrule Reed's objections.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Reed has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered

under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Reed's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Reed's claims was debatable or wrong. Therefore, the Court will deny Reed a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 12) is **AFFIRMED AND ADOPTED** as the Opinion of this Court and Petitioner's objections (ECF No. 16) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

A separate judgment will issue.


Dated: July 26, 2018                                              /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE